(V.D. 152)

NOVELTY IMPORT CO., INC., ET AL. *v.* UNITED STATES

Entry No. 963815, etc.

(Decided March 6, 1969)

*Siegel, Mandell & Davidson* for the plaintiffs.
*William D. Ruckelshaus,* Assistant Attorney General, for the defendant.

FORD, Judge: The protests enumerated in schedule "A", attached hereto and made a part hereof are before me on remand from classification proceedings decided by this court in *Novelty Import Co., Inc., et al.* v. *United States,* 60 Cust. Ct. 1047, P68/264, wherein the matter was remanded to a single judge sitting in reappraisement.

The parties hereto have entered into a stipulation of facts wherein it has been agreed as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiffs and the Assistant Attorney General for the United States:

1. That the involved flashlights and batteries were imported subsequent to the effective date of Section 2 of the Customs Simplification Act (Public Law 927, 84th Cong., T.D. 54165); that said flashlights are identified on the Final List, T.D. 54521; that said batteries are not included on said Final List;

2. That the involved merchandise consists of flashlights and batteries which were held by the Court, in P68/264 to be subject to appraisement separately according to the value of each class of article;

3. That on or about the date of exportation, such or similar flashlights were not freely sold or offered for sale for home consumption in the principal markets of the country of exportation;

4. That at the time of exportation, the price at which such or similar flashlights were freely sold in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other expenses incident to placing the merchandise in condition, packed ready for shipment to this country, was the invoiced unit price plus the proportionate portion of the charges as shown on the invoice.

5. That at the time of exportation, the price at which such or similar batteries were freely sold in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for exportation to this country, including the cost of

all containers and coverings of whatever nature, and other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, was the invoiced unit price plus the proportionate portion of the charges as shown on the invoice.

6. That the above cases enumerated on the schedule attached hereto and made a part hereof, are submitted for decision upon this stipulation, subject to the approval of the Court.

Upon the record before the court, I find and hold that export value, as that value is defined in section 402(a)(c), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, is the proper basis of value for the involved flashlights and that said value is the invoiced unit price, plus proportionate portion of the charges shown on the invoice, packed; and that export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended, *supra*, is the proper basis of value for the involved batteries and that said value is the invoiced unit price, plus proportionate portion of the charges shown on the invoice, packed.

Judgment will be entered accordingly.